## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LEWIS W. SAPIEN, | |
| Plaintiff, | CIVIL ACTION |
| v. | COMPLAINT 1:19-cv-01476 |
| ALLY FINANCIAL, INC, GM FINANCIAL CORPORATION, CITIBANK, N.A., EQUIFAX INFORMATION SERVICES, LLC, and TRANSUNION, LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

**NOW COMES** Lewis W. Sapien ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining of Defendants, Ally Financial, Inc., ("Ally"), GM Financial Corporation ("GM"), Citibank, N.A. ("Citi"), Equifax Information services, LLC ("Equifax"), and TransUnion, LLC ("TransUnion") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FCRA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391 as Plaintiff resides in this District, Defendants engage in substantial business activity in this District, and a substantial part of the events or omissions giving rise to the claims occurred within this District, 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age, who, at all times relevant, resided in the Northern District of Illinois.

5. Defendant Ally is a Delaware Corporation with its principal place of business located at 440 South Church Street, Charlotte, North Carolina 28202. Ally is engaged in the business of automotive financial services, and serves clients across the United States, including consumers in the State of Illinois. Ally is a furnisher of information to the major credit reporting agencies, including Equifax and TransUnion.

6. Defendant GM is the servicing arm of General Motors Company and specializes in servicing automobile loans with its corporate headquarters located at 801 Cherry Street, Suite 3500, Fort Worth, Texas 76102. GM is a furnisher of information to the major credit reporting agencies, including Equifax and TransUnion.

7. Defendant Citi is a corporation with its principal place of business located at 701 East 60th Street North, Sioux Falls, South Dakota 57104. Citi is a foreign company and a creditor, lender, debt collector, furnisher of credit information, and servicer of mortgage loans across the country, qualified to do business in the State of Illinois. Citi is a furnisher of information to the major credit reporting agencies, including Equifax and TransUnion.

8. Defendant Equifax is a corporation incorporated in the state of Georgia, is authorized to do business in the State of Illinois, and is registered with the Illinois Secretary of State. It has a registered agent located in Illinois. Equifax TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit

worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Illinois.

9. Defendant TransUnion is a Delaware limited liability corporation with its principal place of business located in Chicago, Illinois. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Illinois.

**BANKRUPTCY CASE**

10. On May 31, 2016, Plaintiff filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court, Northern District of Illinois, case number 16-18179 ("bankruptcy").

11. Schedule D of the bankruptcy petition listed Plaintiff's debt with GM ("GM debt").

12. Schedule E of the bankruptcy petition listed Plaintiff's debt with Citi ("Citi debt").

13. Since Plaintiff listed GM and Citi as creditors, the Bankruptcy Noticing Center ("BNC") served GM and Citi with notice of Plaintiff's bankruptcy filing.

14. Plaintiff fully performed his duties and at no time did Plaintiff reaffirm the Citi Debt, however, Plaintiff did reaffirm the GM debt.

15. Plaintiff continued to make payments on the GM debt and has not missed any payments.

16. On August 30, 2016, the Bankruptcy Court entered a Discharge Order in Plaintiff's bankruptcy case discharging all dischargeable debts, including the Citi debt.

17. Plaintiff's personal liability on the Citi debt was extinguished via his bankruptcy discharge.

### CREDIT REPORTING AND PLAINTIFF'S CREDIT DISPUTES
### TO EQUIFAX & TRANSUNION

18. Around May 2018, Plaintiff accessed his credit reports to determine whether his creditors were reporting accurate and complete information in his credit files. Plaintiff discovered that Defendants were reporting several inaccurate trade lines. Plaintiff sent out dispute letters in order resolve the credit reporting errors.

### a. Plaintiff's Dispute Letter to Equifax

19. On May 11, 2018 Plaintiff sent a written credit dispute letter to Equifax requesting, among other things, that Equifax report the Ally Financial Account Number 15491266 ("Ally debt") accurately as it was reporting a scheduled payment amount. Furthermore, Plaintiff disputed that the GM Financial account was reporting as closed, with a zero balance, and with December 2016 as the date of last activity. Plaintiff reaffirmed this debt and had not missed a payment on it. Plaintiff attached his reaffirmation agreement to his dispute letter.

20. Among other things, Plaintiff's dispute letter stated the following:

> I have reviewed my credit reports and found the following creditors are reporting inaccurate information:
> 1) Ally Financial (acct no. 15491266*) – Scheduled payment amount should read zero
> 2) …
> I also wanted to dispute the closure of one of my good standing accounts: GM financial account number 45825* this account was closed by Equifax and I demand that you reinstate this account as open and current.

21. Upon information and belief, GM and Ally received notice of Plaintiff's dispute letter and all attached relevant information from Equifax within five days of Equifax receiving Plaintiff's May 11, 2018 dispute letter. *See* 15 U.S. Code §1681i(a)(2).

**b. Defendant Equifax's Failure to Correct Inaccurate Credit Reporting**

22. On June 11, 2018, Plaintiff obtained his Equifax credit report to determine whether Equifax, Ally and GM had updated their inaccurate and incomplete credit reporting of the GM debt and Ally debt.

23. Despite receiving Plaintiff's dispute letter, Equifax and GM continued to report the GM debt with a "Balance" of zero, and a "Date of Last Activity" of December 2016.

24. Specifically, Equifax's response reported the GM debt as follows:

>>> **We have researched the credit account. Account # - 45825\* The results are:** This creditor/agency has verified to OUR company that the date of last activity is being reported correctly. We have verified that the date opened is reporting correctly We have verified that the date closed is reporting correctly. The last payment date has been added/updated. This account is currently reporting paid as agreed, with no late payments. Historical account information was updated on this account. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *DATE OF LAST PAYMENT. If you have additional questions about this item please contact: **Gmfnancial, PO Box 181145, Arlington, TX 76096-1145 Phone: (800) 284-2271**

**Gmfnancial**   PO Box 181145 Arlington TX 76096-1145 : (800) 284-2271

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Rev'd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|
| 45825* | 09/10/2015 | $28,616 | $0 | 73 | Monthly | 15 | | |

| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Payment | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rpt'd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/08/2018 | $0 | $0 | 05/2018 | $0 | $397 | | 12/2016 | | $0 | | $0 | | |

| Status | Type of Account | Type of Loan | Whose Account | Portfolio Indicator | Portfolio Status |
|---|---|---|---|---|---|
| Pays As Agreed | Installment | Auto | Joint Account | | |

ADDITIONAL INFORMATION:

Reaffirmation of Debt

25. The reporting of the GM trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Plaintiff had not been making payments toward the GM debt. However, Plaintiff reaffirmed the debt and never missed a payment on the GM debt.

26. Furthermore, Equifax responded to Plaintiff's dispute letter by failing to correct the inaccuracies of the Ally debt to accurately reflect a $0 "Scheduled Payment Amount" as it was required to do. Instead, it reported a "Scheduled Payment Amount" of $573.

27. Specifically, Equifax's response reported the Ally debt as follows:



28. The reporting of the Ally debt is patently inaccurate and creates a materially misleading impression that Plaintiff is still personally responsible for, and obligated to pay a monthly payment amount. However, Plaintiff is no longer personally liable on the Ally debt because this account was paid and closed.

### c. Plaintiff's Dispute Letter to TransUnion

29. On May 11, 2018, Plaintiff sent a written credit dispute letter to TransUnion requesting, among other things, that TransUnion report the Citi debt accurately as it was reporting an incorrect high balance. Furthermore, Plaintiff disputed that the GM Financial account was with a "Last Payment Made" date of November 22, 2016. Plaintiff reaffirmed this debt and had not missed a payment on it. Plaintiff attached his reaffirmation agreement to his dispute letter.

30. Among other things, Plaintiff's dispute letter stated the following:

I have reviewed my credit reports and found the following creditors are reporting inaccurate information:
1) Ally…
5) CitiCards CBNA (acct no 542418113565****) – High balance is wrong – my balance was $944.00 at the time of my case being file *[sic]*
6) …

I also wanted to dispute the inaccurate reporting of one of my good standing accounts: GM Financial account number 45825****. This was reaffirmed through my case filing and I have never missed a payment.

31. Upon information and belief, GM and Citi received notice of Plaintiff's dispute letter and all attached relevant information from TransUnion within five days of TransUnion receiving Plaintiff's May 11, 2018 dispute letter. *See* 15 U.S. Code §1681i(a)(2).

### d. Defendant Transunion's Failure to Correct Inaccurate Credit Reporting

32. On June 13, 2018, Plaintiff obtained his TransUnion credit report to determine whether TransUnion, Citi, and GM had updated their inaccurate and incomplete credit reporting of the Citi debt and GM debt.

33. Despite receiving Plaintiff's dispute letter, TransUnion and GM continued to report the GM debt with a "Date of Last Payment" of November 22, 2016.[1]

34. Specifically, TransUnion's response reported the GM debt as follows:

**GM FINANCIAL #45825****** ( PO BOX 181145, ARLINGTON, TX 76096-1145, (800) 284-2271 )

We investigated the information you disputed and updated: **Not specified.** Here is how this item appears on your credit report following our investigation.

| Date Opened: | 09/10/2015 | Date Updated: | 12/26/2016 | Pay Status: | Current; Paid or Paying as Agreed |
| Responsibility: | Joint Account | Last Payment Made: | 11/22/2016 | | |
| Account Type: | Installment Account | High Balance: | $28,616 | Terms: | $397 per month, paid Monthly for 73 months |
| Loan Type: | AUTOMOBILE | | | | |

Remarks: CH 7 REAFFIRMATION OF DEBT

| | 11/2016 | 10/2016 | 09/2016 | 08/2016 | 07/2016 | 06/2016 | 05/2016 | 04/2016 | 03/2016 | 02/2016 | 01/2016 | 12/2015 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | X | X | X | X | X |

| | 11/2015 | 10/2015 | 09/2015 |
|---|---|---|---|
| Rating | OK | OK | OK |

35. The reporting of the GM trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Plaintiff had not been making payments toward the GM debt. However, Plaintiff reaffirmed the debt and never missed a payment on the GM debt.

36. Furthermore, TransUnion responded to Plaintiff's dispute letter by failing to correct the inaccuracies of the Citi debt to accurately reflect "High Balance" of $944 as it was required to do. Instead it reported a "High Balance" of $10,160.

---

[1] Pursuant to the CDIA guidelines, the Date of Last Payment should be reported as "The date of the most recent consumer payment, whether full or partial payment is made" *See* 2016 CDIA Manual; page 4-18.

37. Specifically, TransUnion's response reported the Citi debt as follows:

| CITICARDS CBNA #542418113565**** ( POB 6241, SIOUX FALLS, SD 57117, (888) 248-4728 ) | | | |
|---|---|---|---|
| We investigated the information you disputed and the disputed information was **VERIFIED AS ACCURATE**; however, we updated: **Date Updated; Remarks.** Here is how this account appears on your credit report following our investigation. | | | |
| Date Opened: 05/01/1998 | Date Updated: 05/25/2018 | Pay Status: | >Account Included in Bankruptcy< |
| Responsibility: Individual Account | Last Payment Made: 08/24/2015 | | |
| Account Type: Revolving Account | High Balance: $10,160 | Date Closed: | 09/24/2015 |
| Loan Type: CREDIT CARD | Credit Limit: $700 | | |
| Remarks: >CHAPTER 7 BANKRUPTCY<; CLOSED BY CREDIT GRANTOR Estimated month and year that this item will be removed: 08/2022 | | | |

38. The reporting of the Citi debt is patently inaccurate, incomplete, and creates a materially misleading impression that Plaintiff's high balance on the account was $10,160. However, Plaintiff's high balance was $944, and this was the balance at the time he filed his Chapter 7 Bankruptcy in May of 2016.

**IMPACT OF CONTINUING**
**INCORRECT REPORTING ON PLAINTIFF'S CREDIT FILE**

39. As of today, Equifax's inaccurate reporting of the GM debt and Ally debt, as well as TransUnion's erroneous reporting of the GM debt and Citi debt continues to paint a false and damaging image of Plaintiff. TransUnion, Equifax, Ally, GM, and Citi have yet to update the their trade lines to accurately reflect the current status of the various debts.

40. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to regain a firm foothold on his creditworthiness, credit standing, credit capacity, and his ability to move forward after his bankruptcy discharge.

41. The inaccurate and incomplete reporting of GM debt, Citi debt, and Ally debt continues to have significant adverse effects on Plaintiff's credit rating and severely affects his ability to obtain financing because it creates a false impression that Plaintiff is a high risk consumer and damages his creditworthiness.

42. On February 12, 2019, in an effort to remedy the continued inaccurate and incomplete reporting of the subject loan and to validate the accuracy of Defendants' credit reporting, Plaintiff purchased a Tri-Merge report, incurring out of pocket expenses as a result.

43. The Tri-merge credit report revealed that Defendants were still inaccurately reporting information to third parties.

44. Plaintiff suffered monetary damages he otherwise would not have incurred had Defendants ceased or corrected the inaccurate and incomplete reporting of the debts above after Plaintiff's detailed disputes.

45. As a result of the conduct, actions, and inaction of the Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, out-of-pocket expenses, the loss of credit opportunity, time and money expended meeting with his attorneys, tracking the status of his disputes, monitoring his credit file, and mental and emotional pain and suffering.

46. Due to the conduct of the Defendants, Plaintiff was forced to retain counsel to resolve the erroneous credit reporting of the Ally trade line, GM trade lines, and Citi trade line.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST GM)

47. Plaintiff restates and realleges paragraphs 1 through 46 as though fully set forth herein.

48. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

49. Plaintiff is a "person" as defined by 15 U.S.C. §1681a(b).

50. GM is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

51. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

9

52. GM violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from TransUnion, Equifax, and Plaintiff.

53. GM violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, especially Plaintiff's reaffirmation agreement and Plaintiff's payment history, provided by TransUnion, Equifax, and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

54. Had GM reviewed the information provided by TransUnion, Equifax, and Plaintiff, it would have corrected the inaccurate designation of the GM debt, transmitting the correct information to TransUnion and Equifax. Instead, GM wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

55. GM violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the complete results of the investigation or reinvestigation of Plaintiff's dispute with TransUnion and Equifax.

56. GM violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to TransUnion and Equifax after being put on notice and discovering inaccurate, incomplete, and misleading reporting with respect to the GM debt.

57. GM failed to conduct a reasonable investigation of its reporting of the GM debt, record that the information was disputed, or delete the inaccurate reporting from Plaintiff's credit files within 30 days of receiving notice of Plaintiff's dispute from TransUnion under 15 U.S.C. §1681i(a)(1).

58. Despite the blatantly obvious errors in Plaintiff's credit files, and Plaintiff's efforts to correct the errors, GM did not correct the errors or the trade line to report accurately and completely. Instead, GM wrongfully furnished and re-reported the inaccurate, incomplete and misleading information after Plaintiff's dispute to one or more third parties.

59. Moreover, GM failed to report completely and accurately the GM debt with any Balance and Date of Last Activity to Equifax.

60. Furthermore, GM failed to report the GM debt with an accurate Last Payment Made date to TransUnion.

61. A reasonable investigation by GM would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information continues to be reported in Plaintiff's credit files.

62. Had GM taken steps to investigate Plaintiff's valid dispute, Equifax's request for investigation, or TransUnion's request for investigation, it would have permanently corrected the erroneous, incomplete, and materially misleading credit reporting. Plaintiff provided all relevant information to support his valid dispute in his request for investigation.

63. By deviating from the standards established by the credit union industry and the FCRA, GM acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to TransUnion.

**WHEREFORE,** Plaintiff LEWIS W. SAPIEN respectfully pray this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that GM immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g.   Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST ALLY)

64. Plaintiff restates and realleges paragraphs 1 through 63 as though fully set forth herein.

65. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

66. Ally is a "person" as defined by 15 U.S.C. §1681a(b).

67. Ally is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

68. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

69. Ally violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Equifax, and Plaintiff.

70. Ally violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by Plaintiff and Equifax pursuant to 15 U.S.C. §1681i(a)(2).

71. Had Ally reviewed the information provided by Plaintiff, and Equifax, it would have corrected the inaccurate designation of the Ally debt, transmitting the correct information to Equifax. Instead, Ally wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

72. Ally violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation of Plaintiff's dispute with Equifax.

73. Ally violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation to Equifax after being put on notice and discovering inaccurate and misleading reporting with respect to the Ally debt and Plaintiff.

74. Ally violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information on Plaintiff's credit files.

75. Ally failed to conduct a reasonable investigation of its reporting of the Ally debt, record that the information was disputed, or delete the inaccurate reporting from Plaintiff's credit file within 30 days of receiving notice of a dispute from Equifax under 15 U.S.C. §1681i(a)(1).

76. Despite the blatantly obvious error on Plaintiff's credit file, and Plaintiff's efforts to correct the error, Ally did not correct the errors or trade line to report accurately and completely. Instead, Ally wrongfully furnished and reported the inaccurate, incomplete, and misleading information after Plaintiff's dispute to one or more third parties.

77. A reasonable investigation by Ally would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information continues to be reported on Plaintiff's credit file.

78. Had Ally taken steps to investigate Plaintiff's valid dispute or Equifax's request for investigation, it would have permanently corrected the erroneous and misleading credit reporting. Plaintiff provided all relevant information in his request for investigation.

79. By deviating from the standards established by the loan servicing industry and the FCRA, Ally acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax.

**WHEREFORE,** Plaintiff LEWIS W. SAPIEN respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Order the deletion or modification of all adverse credit reporting relating to the Ally debt;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT III- VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST CITI)

80. Plaintiff restates and realleges paragraphs 1 through 79 as though fully set forth herein.

81. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

82. Citi is a "person" as defined by 15 U.S.C. §1681a(b).

83. Citi is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

84. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

85. Citi violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from TransUnion, and Plaintiff.

86. Citi violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by Plaintiff and TransUnion pursuant to 15 U.S.C. §1681i(a)(2).

87. Had Citi reviewed the information provided by Plaintiff, and Equifax, it would have corrected the inaccurate designation of the Citi debt, transmitting the correct information to TransUnion. Instead, Citi wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

88. Citi violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation of Plaintiff's dispute with TransUnion.

89. Citi violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation to TransUnion after being put on notice and discovering inaccurate and misleading reporting with respect to the Citi debt and Plaintiff.

90. Citi violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information on Plaintiff's credit files.

91. Citi failed to conduct a reasonable investigation of its reporting of the Citi debt, record that the information was disputed, or delete the inaccurate reporting from Plaintiff's credit file within 30 days of receiving notice of a dispute from Transunion under 15 U.S.C. §1681i(a)(1).

92. Despite the blatantly obvious error on Plaintiff's credit file, and Plaintiff's efforts to correct the error, Citi did not correct the errors or trade line to report accurately and completely. Instead, Citi wrongfully furnished and reported the inaccurate, incomplete, and misleading information after Plaintiff's dispute to one or more third parties.

93. A reasonable investigation by Citi would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information continues to be reported on Plaintiff's credit file.

94. Had Citi taken steps to investigate Plaintiff's valid dispute or TransUnion's request for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

Plaintiff provided all relevant information in his request for investigation. Furthermore, Plaintiff's bankruptcy information is public record that is widely available and easily accessible.

95. By deviating from the standards established by the loan servicing industry and the FCRA, Citi acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to TransUnion.

**WHEREFORE,** Plaintiff LEWIS W. SAPIEN respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Order the deletion or modification of all adverse credit reporting relating to the Citi debt;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT IV - VIOLATION OF THE FAIR CREDIT REPORTING ACT
(AGAINST EQUIFAX)

96. Plaintiff restates and realleges paragraphs 1 through 95 as though fully set forth herein.

97. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

98. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

99. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

16

100. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

101. Plaintiff provided Equifax with all relevant information and documentation in his request for investigation to reflect that the reporting of both the GM debt and Ally debt was inaccurate.

102. Equifax prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the Ally with a scheduled payment amount, when in fact Plaintiff owed no scheduled payment amount on the Ally debt. In fact, Equifax also reports the amount as closed and paid.

103. Equifax prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the GM debt with a "Balance Amount" of zero and a "Date of Last Activity" of December 2016, when in fact Plaintiff had reaffirmed this debt and had not missed a payment.

104. A simple review of the relevant documents submitted by Plaintiff would have confirmed that Plaintiff had reaffirmed the GM debt and that the "Balance Amount" and "Date of Last Activity" were incorrect.

105. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. On numerous occasions, Equifax has prepared a patently false and a materially misleading consumer report concerning Plaintiff. Equifax had actual

knowledge that Plaintiff had reaffirmed the GM debt after Plaintiff included his reaffirmation letter attached to his dispute letter on May 11, 2018.[2]

106. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information on Plaintiff's credit files.

107. Had Equifax taken any steps to investigate Plaintiff's valid dispute, it would have corrected the GM debt and Ally debt's inaccurate trade lines.

108. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Ally and GM. Upon information and belief, Equifax also failed to include all relevant information as part of the notice to Ally and GM regarding Plaintiff's dispute that Equifax received from the Plaintiff.

109. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff, Ally, and GM with regard to the Ally and GM debts.

110. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

111. After Plaintiff's written detailed dispute, Equifax had specific information related to the GM debt and Ally debt.

112. Equifax knew that the inaccurate designation of the Ally debt on Plaintiff's credit file under the Ally trade line having a scheduled monthly payment after the account was closed would have a significant adverse effect on Plaintiff's credit worthiness.

---

[2] In compliance with FCRA section 1681i(5)(D), Equifax must implement an automated system through which furnishers of information to Equifax may report the results of a reinvestigation that finds incomplete or inaccurate information in a consumer's file to other such consumer reporting agencies. This system, called e-OSCAR-web, is available for use by all data furnishers.

113. Furthermore, Equifax knew that the inaccurate designation of the GM debt on Plaintiff's credit file under the GM trade line having a zero balance and incorrect Date of Last Activity would have a significant adverse effect on Plaintiff's credit worthiness.

114. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

115. Despite actual knowledge that Plaintiff's credit file was erroneous, Equifax readily sold Plaintiff's inaccurate and misleading report to one or more third parties, thereby misrepresenting Plaintiff and, ultimately, Plaintiff's creditworthiness.

116. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

117. It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

118. Equifax's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit file and reporting his credit information.

119. Equifax acted reprehensively and carelessly by reporting Plaintiff owing a scheduled payment amount on the Ally debt after this account was closed.

120. Furthermore, Equifax acted reprehensively and carelessly by reporting a zero balance and an inaccurate date of last activity on the GM debt after Plaintiff reaffirmed the GM debt did not miss a payment.

121. Upon information and belief, Equifax has exhibited a pattern of refusing to correct consumer credit files despite being on notice of patently false and materially misleading

information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

122. As stated above, Plaintiff was severely harmed by Equifax's conduct.

**WHEREFORE**, Plaintiff LEWIS W. SAPIEN respectfully prays this Honorable Court for the following relief:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Order the deletion of all adverse credit reporting;

    c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

    d. Award each Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

    e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

    f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

    g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT V - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST TRANSUNION)

123. Plaintiff restate and realleges paragraphs 1 through 122 as though fully set forth herein.

124. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

125. TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

126. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

127. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

128. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

129. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

130. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

131. Plaintiff provided TransUnion with all relevant information and documentation in his request for investigation and reinvestigation that the high balance on his Citi debt was incorrect and that the Last Payment Made date on his GM debt was incorrect.

132. TransUnion prepared Plaintiff's credit reports containing inaccurate, incomplete, and materially misleading information by reporting the Citi debt with a High Balance of $10,160, when in fact Plaintiff's High Balance was only $944.

133. Moreover, TransUnion prepared Plaintiff's credit reports containing inaccurate, incomplete, and materially misleading information by reporting the GM debt with a Last Payment Made date of November 22, 2016, when in fact Plaintiff reaffirmed the GM debt and had been making continuous payments on the GM debt.

134. A simple review of the relevant documents submitted by Plaintiff would have confirmed that Plaintiff had reaffirmed the GM debt and had never missed a payment on it.

135. TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it

furnished and refurnished regarding Plaintiff. Upon information and belief, TransUnion prepared patently false, incomplete, and materially misleading consumer reports concerning Plaintiff.

136. TransUnion violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

137. Had TransUnion taken any steps to investigate Plaintiff's valid disputes, it would have determined that GM debt's Last Payment Made date was inaccurate and that the Citi debt's High Balance was inaccurate.

138. TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to GM and Citi. Upon information and belief, TransUnion also failed to include all relevant information as part of the notice to GM and Citi regarding Plaintiff's dispute that TransUnion received from Plaintiff.

139. TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the GM debt and Citi debt.

140. TransUnion violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

141. After Plaintiff's written detailed disputes, TransUnion had specific information related to both the GM debt and Citi debt.

142. TransUnion knew that the inaccurate reporting of the GM debt in Plaintiff's credit files under the GM trade line as derogatory with an inaccurate date of last payment after he reaffirmed the debt would have a significant adverse effect on Plaintiff's credit worthiness.

143. TransUnion knew that the inaccurate reporting of the Citi debt in Plaintiff's credit files under the Citi trade line as derogatory with an inaccurate high balance would have a significant adverse effect on Plaintiff's credit worthiness.

144. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

145. Despite actual knowledge that Plaintiff's credit files contained erroneous information, TransUnion readily sold Plaintiff's inaccurate, incomplete, and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

146. By deviating from the standards established by the credit reporting industry and the FCRA, TransUnion acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

147. It is TransUnion's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

148. TransUnion's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting his credit information accurately and completely.

149. TransUnion acted reprehensively and carelessly by reporting the GM debt with an inaccurate Last Payment Made date after receiving Plaintiff's dispute.

150. TransUnion acted reprehensively and carelessly by reporting the Citi debt with an inaccurate High Balance after receiving Plaintiff's dispute.

151. TransUnion has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

152. As stated above, Plaintiff was severely harmed by TransUnion's conduct.

**WHEREFORE**, Plaintiff LEWIS W. SAPIEN respectfully pray this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that TransUnion immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: February 28, 2019

Respectfully Submitted,

/s/ Marwan R. Daher
/s/ Alexander J. Taylor
/s/ Omar T. Sulaiman
Marwan R. Daher, Esq.
Alexander J. Taylor, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com