UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEWIS W. SAPIEN, | Case No. 1:19-cv-01476 |
| Plaintiff, | Honorable Judge Ronald A. Guzman |
| v. | |
| ALLY FINANCIAL, INC.; GM FINANCIAL CORPORATION; CITIBANK, N.A.; EQUIFAX INFORMATION SERVICES, LLC; and TRANSUNION, LLC, | |
| Defendants. | |

**JOINT DISCOVERY PLAN AND
INITIAL STATUS REPORT**

Pursuant to the Court's March 4, 2019 Order (Dkt. 5), the Parties submit the following Joint Status Report:

**I.       The Nature of the Case:**

    **A. Attorneys of Record**

        *1. Plaintiff*

            **Marwan R. Daher**
            **Alexander J. Taylor**
            Sulaiman Law Group, Ltd. 2500 S. Highland Avenue, Suite 200
            Lombard, IL 60148
            (630) 575-8181
            mdaher@sulaimanlaw.com
            ataylor@sulaimanlaw.com
            *Counsel for Plaintiff*

        *2. Defendant Ally Financial Inc.*

            **Ethan G. Ostroff**
            TROUTMAN SANDERS, LLP
            222 Central Park Ave., Suite 2000
            Virginia Beach, VA 23462
            Telephone – (757) 687-7541
            Facsimile – (757) 687-7510
            Email – ethan.ostroff@troutman.com

    **Punit K. Marwaha**
    **Daniel R. Waltz**
    TROUTMAN SANDERS, LLP
    1 N. Wacker Drive, Suite 2905
    Chicago, IL 60606
    Telephone – (312) 759-5949
    Facsimile – (312) 759-1939
    Email – Punit.Marwaha@troutman.com
    Email – Daniel.Waltz@troutman.com
    *Counsel for Ally Financial Inc.*

3. *Defendant Equifax Information Services, LLC.*

    **Tameika L. Montgomery**
    King & Spalding, LLP
    1180 Peachtree St.,
    Atlanta, GA 30309
    Telephone – (404) 572-4600
    Email – tmontgomery@kslaw.com

4. *Defendant AmeriCredit Financial Services, Inc. d/b/a GM Financial*

    **Anna-Katrina S. Christakis**
    **James J. Morrissey**
    Pilgrim Christakis LLP
    321 North Clark Street, 26th Floor
    Chicago, Illinois 60654
    Ph. (312) 280-0441
    Fax (312) 939-0983
    kchristakis@pilgrimchristakis.com
    jmorrissey@pilgrimchristakis.com
    *Counsel for Defendant AmeriCredit Financial Services, Inc. d/b/a GM Financial*

**B. <u>Jurisdiction</u>**

Basis for federal jurisdiction: This action arises under and is brought pursuant to the Fair Credit Reporting Act ("FCRA"),15 U.S.C. §1681 *et seq.,* and this Court therefore has jurisdiction under 28 U.S.C. §§1331.

**C. <u>Nature of the Claims</u>**

**Claims asserted and the Principal Legal and Factual issues:**

    1. *Plaintiff's Position*: Plaintiff brings Count I of his complaint for violations of the Fair Credit Reporting Act against Defendant AmeriCredit Financial Services, Inc. d/b/a GM Financial ("GM Financial"). Plaintiff alleges that Defendant failed to review all

relevant information after receiving notification of Plaintiff's dispute of inaccurate reporting by TransUnion and Equifax. Plaintiff further alleges that Defendant GM Financial failed to delete the inaccurate information within 30 days of receiving notice of Plaintiff's dispute. Plaintiff brings Count II of Plaintiff's Complaint for violations of Fair Credit Reporting Act against Ally. Plaintiff alleges that Defendant Ally violated the FCRA by failing to conduct an investigation with respect to the disputed information after receiving requests for investigation from Equifax. Plaintiff alleges that Defendant Ally failed to report the results of investigation to Equifax after discovering inaccurate information regarding the Ally debt. Plaintiff brings Count III of his complaint for violations of the FCRA against Citi for violations of the FCRA. Plaintiff alleges that Citi failed to conduct reasonable investigation with respect to the disputed information after receiving requests for an investigation from TransUnion. Plaintiff future states that had Citi reviewed the information provided by Plaintiff and Equifax, the inaccurate debt would have been relayed and corrected with TransUnion. Plaintiff alleges that Citi did not conduct a reasonable investigation into Plaintiff's dispute and allowed inaccurate information to continue being reported on Plaintiff's credit file. Plaintiff brings Count IV of his complaint for violations of the FCRA against Equifax. Plaintiff alleges that Defendant Equifax paid no regard to Plaintiff's reporting of inaccurate information regarding the GM Financial and Ally debts. Plaintiff alleges that Defendant Equifax failed to review documents submitted by Plaintiff and continued to report the inaccurate debts on Plaintiff's credit report. Plaintiff brings Count V of Plaintiff's complaint for violations of the FCRA against TransUnion. Plaintiff alleges that he provided TransUnion with all relevant documentation requesting investigation into incorrect debt information pertaining to

Citi and GM Financial.

2. *Ally's Position*: Ally denies that it is liable to Plaintiff in any amount whatsoever under any theory whatsoever. Ally denies that Plaintiff is entitled to any of the relief sought from it in the Complaint. Ally herein incorporates all of its affirmative defenses plead in its Answer to the Complaint (ECF No. 32).

3. *Equifax's Position: Equifax is a consumer reporting agency, as that term is defined in the FCRA, and is regularly engaged in the preparation of consumer reports. Equifax maintains reasonable procedures designed to assure the maximum possible accuracy of the information it reports about consumers. Equifax denies that it violated the FCRA in its handling of Plaintiff's dispute(s) and that it is liable to Plaintiff in any manner whatsoever. Even if Plaintiff has suffered any compensable damages, Equifax is not responsible for the injuries of which Plaintiff complains and is without fault concerning all claims and theories upon which Plaintiff relies.*

**Counterclaims: None at this time.**

D. **Statement of Major Legal and Factual Issues:**

1. *Plaintiff's Position*: The legal issues in this case are: (1) whether Defendants Ally, GM, Citi, Equifax, and TransUnion failed sufficiently complied with the FCRA when they responded to Plaintiff's alleged disputes that the subject loans were reported inaccurately on his credit report; (2) whether Ally, GM, and Citi reported Plaintiff's subject loans to credit reporting agencies inaccurately or misleading; and (3) whether Equifax and TransUnion established or followed reasonable procedures to assure maximum possible accuracy of the information contained in Plaintiff's consumer reports; (4) whether as a result of any claimed FCRA violation by Equifax, Plaintiff

suffered actual damage and if so, in what amount; and (5) whether any claimed FCRA violation by Equifax was the result of Equifax's willful noncompliance with the applicable provision of law.

2. *Ally's Position*: Ally denies that it is liable to Plaintiff in any amount whatsoever under any theory whatsoever. Ally denies that Plaintiff is entitled to any of the relief sought from it in the Complaint. Ally herein incorporates all of its affirmative defenses plead in its Answer to the Complaint (ECF No. 32).

3. *GM Financial's Position:* GM Financial anticipates the following legal and factual issues will be resolved in its favor: (1) GM Financial's credit reporting of Plaintiff's GM Financial account (the "Account") was accurate; (2) GM Financial conducted a reasonable investigation of Plaintiff's disputes concerning the reporting of the Account; (3) even if GM Financial violated the FCRA as Plaintiff alleges, that violation was not negligent or willful; (4) Plaintiff's claims are barred because he suffered no damages or concrete harm resulting from any alleged violation of the FCRA; (5) Plaintiff's alleged damages, if any, were due to the actions or omissions of Plaintiff or others; (6) Plaintiff's alleged damages, if any, did not result from GM Financial's allegedly negligent failure to comply with the FCRA; (7) Plaintiff's alleged damages, if any, did not result from GM Financial's allegedly willful failure to comply with the FCRA

E. **Relief Sought**:

Plaintiff seeks (1) affirmative injunctive relief ordering the immediate deletion or modification of all adverse credit reporting relating to the mortgage loan; (2) actual damages; (3) statutory damages; (4) punitive damages; and (5) attorneys' fees and costs of suit .

Defendant Equifax does not allege any damages at this time but reserves the right to do

so, and will provide a computation of each category of damages to the extent Equifax exercises that right as a supplement to these disclosures. Further, Equifax denies all liability to Plaintiff for any damages.

II. **Pending Motions/Status of case:**

**1. Pending Motions:** None.

**2. Standing order for MIDP:** The parties confirm that they have read and understand the Standing order for the MIDP and have collectively discussed the mandatory initial discovery Reponses or their deadlines. Currently there are no unresolved disagreements regarding such discovery.

**3. Discovery and Case Plan:**

    **a. Type of Discovery Needed:** The parties anticipate both written and oral discovery.

    **b. Written Discovery:** Written discovery to be completed by November 1, 2019.

    **c. Fact Discovery:** Fact Discovery to be completed by Novmber 1, 2019

    **d. Expert Discovery:** Plaintiff not anticipate expert discovery and requests that the Court set expert discovery dates, if necessary, after the close of fact discovery. Equifax reserves the right to identify a rebuttal witness(es), should Plaintiff identify an expert. GM Financial proposes that Plaintiff submit any expert report by November 29, 2019, Defendant submits any expert report, including any rebuttal expert by January 3, 2020, and that all expert discovery, including depositions, be completed by February 7, 2020.

    **e. Date for Final Supplementation of MIDP:** August 30, 2019

    **f. Dispositive Motions:** Parties shall file dispositive motions within 45 days of the close of expert discovery.

    **g. Tentative Trial Date:** The Parties request this Court to set a tentative trial date

following any dispositive motions filed.

4. **Jury Trial:** Plaintiff has demanded a jury trial. The probable length of trial is 1-2 days. There is not unanimous consent to proceed before a United States Magistrate Judge.

III. **Consent to Proceed Before a Magistrate Judge:** The Parties have not unanimously consented to proceed before a Magistrate Judge to date.

IV. **Status of Settlement Discussion:**

    A.     Status of Settlement Discussion

        1.     Plaintiff and Defendants Ally and GM Financial have held discussions regarding settlement. The parties have not yet come to an agreement on settlement to date. Plaintiff and Defendant Equifax have not yet initiated settlement discussion. Plaintiff and Defendant TransUnion have agreed to a settlement in principle.

        2.     Plaintiff and Defendant Ally do request a settlement conference at this time. Defendants Equifax and GM financial do not.

Dated: April 26, 2019

/s/ Alexander J. Taylor
Marwan R. Daher
Alexander J. Taylor
Sulaiman Law Group, Ltd. 2500 S. Highland Avenue, Suite 200
Lombard, IL 60148
(630) 575-8181
ataylor@sulaimanlaw.com
Counsel for Plaintiff


*/s/ Ethan G. Ostroff*_____
**Ethan G. Ostroff**
TROUTMAN SANDERS, LLP

222 Central Park Ave., Suite 2000
Virginia Beach, VA 23462
Telephone – (757) 687-7541
Facsimile – (757) 687-7510
Email – ethan.ostroff@troutman.com

**Punit K. Marwaha**
**Daniel R. Waltz**
TROUTMAN SANDERS, LLP
1 N. Wacker Drive, Suite 2905
Chicago, IL 60606
Telephone – (312) 759-5949
Facsimile – (312) 759-1939
Email – Punit.Marwaha@troutman.com
Email – Daniel.Waltz@troutman.com

*Counsel for Ally Financial Inc.*

**Tameika L. Montgomery**
King & Spalding, LLP
1180 Peachtree St.,
Atlanta, GA 30309
Telephone – (404) 572-4600
Email – tmontgomery@kslaw.com

*Counsel for Equifax Financial Services, LLC*

*Anna-Katrina S. Christakis*
*James J. Morrissey*
*Pilgrim Christakis LLP*
*321 North Clark Street, 26th Floor*
*Chicago, Illinois 60654*
*Ph. (312) 280-0441*
*Fax (312) 939-0983*
*kchristakis@pilgrimchristakis.com*
*jmorrissey@pilgrimchristakis.*

*Counsel for Defendant AmeriCredit Financial Services, Inc. d/b/a GM Financial*